IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Cecil Allen Simmons, #177634,  )<br>                                          )<br>                    Petitioner,    )<br>                                          )<br>    vs.                              )<br>                                          )<br>State of South Carolina; Attorney  )<br>General of the State of South Carolina, )<br>                                          )<br>                    Respondents. )<br>                                          ) | Civil Action No. 6:06-0153-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The petitioner is currently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Horry County Clerk of Court. The Horry County Grand Jury indicted the petitioner at the January 1991 term of court for kidnaping and criminal sexual conduct in the first degree. He was represented by attorneys Lucia B. Bacot and Celeste Moore. On June 21, 1991, he received a jury trial before the Honorable Sidney T. Floyd and was found guilty as

charged[1]. Judge Floyd sentenced him to life imprisonment for kidnaping and to 25 years, consecutive, for criminal sexual conduct in the first degree.

The petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on appeal. On June 4, 1992, the petitioner filed his final brief of appellant, in which he presented the following issue for review:

> Whether any relevance evidence that the appellant was found by the police intoxicated and sleeping on Myrtle Beach five days after an alleged rape occurred in the vicinity had, was outweighed by its prejudicial effect?

The State filed a final brief of respondent on May 28, 1992. Assistant Attorney General Wilbur E. Johnson represented the State on appeal.

On December 23, 1992, the South Carolina Court of Appeals affirmed the petitioner's conviction in an unpublished opinion. *State v. Simmons*, 92-UP-178 (S.C. Ct. App. filed December 23, 1992). The South Carolina Court of Appeals sent the remittitur to the Horry County Clerk of Court on January 8, 1993.

The petitioner subsequently filed an application for post-conviction relief (PCR) on June 15, 1993 ( 93-CP-26-1910), in which he alleged the following grounds for relief (verbatim):

> (1)  The trial judge errored in admitting certain testimony. (sic)
>
> (2)  Ms. Tina butbul prior record and sexual activity was discussed in the chambers and not in the presents of the jury.

---

[1] The evidence presented at trial included the following: On August 20, 1990, a rape occurred in the area of Myrtle Beach, South Carolina, near 34th and 35th Avenues, North. The petitioner admitted to being on the beach during the late night hours of August 20th. The victim of the rape identified the petitioner as her attacker. Two witnesses testified that the victim ran toward them screaming that she had just been raped by a black man. One of the witnesses testified that as the victim ran toward him and his wife, he saw a black man running away from the dunes on the beach through some houses. Officer Patrick McCann testified that on August 25, 1990, at approximately 4:15 a.m., he encountered the petitioner sleeping on the beach in an area between 34th and 35th Avenues, North. Officer McCann further testified that the petitioner appeared to be in an intoxicated condition. Officer McCann was not allowed to testify that the petitioner was arrested on that date for public intoxication (5/28/92, final brief of respondent 3-9).

      (3)     Effective counseling improper counseling

The State filed its return on August 30, 1993.

On April12, 1994, an evidentiary hearing was held before the Honorable R. Markley Dennis, Jr. The petitioner was present at the hearing, and attorney Ron Diegel represented him. The petitioner testified at the hearing, and the State presented the testimony of trial counsel, Ms. Moore.

Judge Dennis denied and dismissed the application in an order of dismissal dated June 29, 1994. The order of dismissal addressed the petitioner's claim that counsel was ineffective for failing to adequately investigate the case. The order found that he had waived his claim that his sentence was too severe. The order was served on both the petitioner and collateral counsel on July 13, 1994. The petitioner did not appeal the denial of his first application for PCR.

The petitioner then filed a second PCR application (02-CP-26-3173) on May 31, 2002, in which he alleged the following grounds for relief:

      (1)     Illegal Sentence

      (2)     Newly Discovery (sic) Evidence

The State filed its return and motion to dismiss on February 4, 2004.

On February 23, 2004, an evidentiary hearing was held before the Honorable Stephen H. John at the Horry County Courthouse. Again, the petitioner was present at the hearing. Attorney Paul Archer represented him. Assistant Attorney General Adriane Turner represented the State. In an order filed March 24, 2004, Judge John granted the petitioner relief based upon his claim that his sentence was illegal. Judge John found that his life sentence for kidnaping was "unlawful at the time of sentencing on June 21, 1991" because the kidnaping statute, S.C. Code Ann. §16-3-910 (Supp. 1991), "was changed on June 3, 1991 with a maximum sentence (sic) of thirty years. Therefore, the maximum sentence the

3

Applicant could have received on June 21, 1991 was thirty years and not life, and his Attorney was ineffective for not objecting to the ... sentence." The petitioner's life sentence for kidnaping was remanded for the sole purpose of resentencing.

On April 14, 2004, the petitioner was resentenced by Judge John to 30 years for kidnaping, running consecutively to the 25-year sentence on the CSC conviction. Mr. Archer again represented him at resentencing. The petitioner did not appeal his new sentence.

The petitioner then filed a third *pro se* post-conviction relief application (04-CP-26-4482) dated August 12, 2004. He alleged the following grounds in his application (verbatim):

>   (1)   Illegal Sentence
>
>   (2)   My Attorney, Ms. Celeste Moore was ineffective assistance of counsel in 1991

The State made its return and motion to dismiss on October 14, 2004. The State argued that the application should be summarily dismissed because it was untimely under the statute of limitations governing PCR actions, S.C. Code Ann. §17-27-45(A) (Supp. 2006), and barred as successive to his earlier applications. See S.C. Code Ann. §17-27-90 (2006); *Aice v. State*, 409 S.E.2d 392, 394 (1991).

The Honorable John L. Breeden, Jr., filed a conditional order of dismissal on November 9, 2004, in which he denied counsel. The petitioner filed a response on February 4, 2004, alleging that the trial court lacked subject matter jurisdiction to convict him due to defects in his indictment and warrants and that his trial counsel at resentencing failed to file an appeal after being requested to do so. The Honorable Paula Thomas filed an order withdrawing conditional order in part and appointing counsel on April 1, 2005.

On December 1, 2005, an evidentiary hearing was held before Judge Thomas. The petitioner was present and was represented by attorney J. Marshall Biddle.

Assistant Attorney General Robert S. Brown represented the State. Apparently, the petitioner amended his allegations and proceeded at the hearing only on allegations that the sentence he received was illegal because he received consecutive sentences and a claim at the hearing that counsel failed to perfect an appeal from his resentencing hearing. The petitioner testified on his own behalf at the hearing and the State presented counsel from the resentencing, Mr. Archer.

Judge Thomas signed an order of dismissal that was filed on January 17, 2006, in which the application was denied and dismissed with prejudice. The order addresses the claims that were raised at the hearing and finds that all other allegations were waived by the petitioner at the hearing. Apparently, the Clerk of Court's office did not send the order to the South Carolina Attorney General's Office until March 22, 2006, and both Assistant Attorney General Brown and attorney Biddle were unaware of its existence until March 23, 2006. The respondents served Mr. Biddle with the order on March 23, 2006; and the petitioner has 30 days within which to file a notice of appeal. See Rule 203(b)(1), SCACR (holding that the notice of appeal from a civil judgment must be served upon all respondents within 30 days after receipt of written notice of entry of judgment).

The petitioner raises the following allegations in his *pro se* petition for writ of habeas corpus (verbatim):

> **GROUND ONE:**  the. Following. Witness. is called to testified for the State and are not in my Arrest warent. Myrtle. Beach. Police. officer. Patrick. mccann testified He Arrested me on 'Sept 4 1990. because I. was intoxicated He never game me A breath Liver. test
> **SUPPORTING FACTS:**  this. was. not when the appellant. Cecil. Simmons was arrested For this offense. the arrest. warrant. shows. that officer. James. Nobles arrested the appellant. Cecil. Simmons. on. September (5), 1990 I was Arrested by Myrtle. Beach. Police. Patrick. McCann ... without Probable. cause. Fourth. Amendment. Violation. this was the Following. accurred between. the solicitor and officer Mccann.

5

**GROUND TWO:**   Illegal. sentence. I was Resentec. On April 14, 2004. From Life. to 30 years. After. doing. 14. years. on the life. sentence I have max out count (2) conviction befor maxing out count (1) for Kidnapping.
**SUPPORTING FACTS:**  In January (3) 1991 I was. sentence to life for kidnaping and 25. years. consecutive to the. CSC. charge. now After doing. 14 years on the life sentence for kinapping. I was resentence from life to 30 years. in the place of the life sentence and the. 14 years that I have done in the place of the life sentence Because the life sentence was count (1) for kidnapping the 14 years that I have done I Have max out the criminal. sexual. conduct. charge. which. is count (2) and the new sentence is not Back. Dated. From. the time I was sentence to the Life Sentence on January (3) 1991.in the. 14 years that I have done on the life sentence I did go up For Parole (3) times and was denied (3) times Because of the life sentence Now my Parole Date is .200.14 and the 30 years be back dated

**GROUND THREE:** Prosecutors Misconduct. during. closing. Argument. may. be grounds. for. reversel. of a conviction.
**SUPPORTING FACTS:**    this was the Solicitor. closing argument. ... this evidence was not tested for fingerprints

**GROUND FOUR:**   after my arrest on September (5) 1990. I Request. to my attorney for. a. preliminary hearing no record. or transcript of such. a. hearing conviction. required to be vacted
**SUPPORTING FACTS:**   there was no Preliminary. hearing Done. on me in 1990 Preliminary Hearing and also I Have to copies of Arrest Warrant and they don't Read the same

**GROUND FIVE:**   ... My Attorney ... was. ineffective. for. not asking. the. court to Dismiss. the. case.
**SUPPORTING FACTS:** Because there. was. semen presence. on Butbul's. Blue. Jeans. That was Not of the appellant. ... and this case. should have been. Dismiss ...

**GROUND EIGHT:**[2]  ... Prosecutrial. Misconduct. Dring. Closing Argument ...
**SUPPORTING FACTS:**   ... The Solizitor. during. her closing. argument. told the Jury. the. box of. clothes. in evidence aint. all. of her. clothes. ... It is uncler what testimony the Solicitors. assertion. was. based upon. ...

---

[2]There are no grounds six and seven.

6

> **GROUND NINE:**   ... For this offence. this was not when appellant was. arrested. For. this offence the arrest warrant shows that officer. james. Nobles arrested the appellant on September. 5. 1990 ... and also I have two copies. of the arrest warrant. and they are. not. the. same. ...
> **SUPPORTING FACTS:**   ... Officer. Mccann. stated that he. arrested. me because. I was intoxicated ... I was. not. tested by Officer. McCann. For Been. intoxicated ... Nor. did He gave me. A breath. aliver. Test. to see if I was. intoxicated. ...

On March 23, 2006, the respondents filed a motion for summary judgment. By order of this court filed March 24, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately.  The petitioner filed his opposition to the motion on April 12, 2006.  On May 23, 2006, the court gave the respondents through June 16, 2006, to advise the court whether the petitioner had filed a notice of appeal from Judge Thomas' order of January 17, 2006.  On June 15, 2006, the respondents filed a status report advising that the petitioner had filed no such notice of appeal.  The petitioner filed a response to the respondent's status report on June 26, 2006. In that response, the petitioner claims that he asked his PCR counsel to file an appeal, but he did not do so.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

7

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

Grounds one, three, four, five, eight and nine are procedurally barred because they were not raised to the state supreme court and any future PCR application would be barred as successive and untimely. If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has failed to make such a showing. Accordingly, these grounds are procedurally barred.

Grounds one, three, four, five, eight and nine are also barred by the statute of limitations. The petitioner's convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); accordingly, the limitations period would begin to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2). The petitioner's first PCR was filed and became final before the effective date of the AEDPA. His second PCR application was filed on May 31, 2002, nearly six years after the effective date of the AEDPA. Therefore, to the extent the petitioner raises challenges to either direct appeal issues or ineffective assistance of trial counsel, the claims are time barred under Section 2244(d)(1)(A).

In ground two, the petitioner argues that the sentence he received upon resentencing was "illegal." This same issue was denied by Judge Thomas' order filed on January 17, 2006, and served on the petitioner's state court PCR counsel on March 23,

2006. Judge Thomas ruled that the petitioner failed to carry his burden of showing "partiality, prejudice, oppression or corrupt motive by the sentencing court" or of "showing that the statutory punishment in and of itself constitutes cruel and unusual punishment" (1/17/06 order). As noted above, the petitioner did not file a notice of appeal from this order, although he claims he told his counsel to do so. *See* 28 U.S.C. 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). The respondents argue that the petitioner has failed to exhaust available state court remedies with respect to ground two, and therefore the claim should be dismissed without prejudice (resp. m.s.j. 9-10). This court agrees.

On March 16, 2006, the petitioner moved for default judgment, arguing that the respondents did not timely file their return. However, the docket shows that the respondents' return was originally due on March 16, 2006, and on March 13, 2006, the respondents requested a 10-day extension. This court granted the extension, and the respondents timely filed their return and motion for summary judgment on March 23, 2006. Accordingly, the motion for default judgment should be denied.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted and the petitioner's motion for default judgment be denied.

                                            s/William M. Catoe
                                            United States Magistrate Judge

January 17, 2007

Greenville, South Carolina