IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CECIL ALLEN SIMMONS, | ) | Civil Action No.: 6:06-cv-0153-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF SOUTH CAROLINA, | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, appearing *pro se*, seeks habeas corpus relief under Title 28 U.S.C. § 2254. Pending before the Court are Respondents' [Docket Entry #18] Motion for Summary Judgment and Petitioner's [Docket Entry #16] Motion for Default Judgment. Pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.) this matter comes before the Court with the Report and Recommendation (hereinafter "Report") of United States Magistrate Judge William M. Catoe.

The Court incorporates herein by reference pages one through five of the Magistrate Judge's Report which sets forth the procedural history of the Petitioner's previous state post conviction relief procedures. Report and Recommendation, at pgs. 1-5 [Docket Entry #27].

## Scope of Review

The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of

the Report or specified findings or recommendation as to which an objection is made. However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## Motion for Default Judgment

Petitioner has moved for a default judgment arguing that the Respondents did not timely file their return. The Magistrate Judge's Report recommends that the Petitioner's Motion be denied. This Court agrees. Respondents' return and answer were originally due on March 16, 2006. On March 13, 2006, Respondents filed a Motion for Extension of Time to File Answer requesting a 10 day extension. The Court granted Respondents' Motion for Extension of Time on March 14, 2006, and ordered that the Respondents answer the petition on or before March 23, 2006. On March 23, 2006, Respondents filed their return, a motion for summary judgment, and a memorandum in support of their motion for summary judgment. The Respondents are not in default because they filed their return and answered the petition within the time frame set by the Court. Accordingly, Petitioner's [Docket Entry #16] Motion for Default Judgment is **DENIED**.

## Motion for Summary Judgment

Respondents have moved for summary judgment with regard to each of the grounds alleged in Petitioner's § 2254 petition. Petitioner's petition raises seven grounds numbered

one, two, three, four, five, eight and nine. There are no grounds six and seven. Petitioner's grounds for habeas corpus relief are stated verbatim in the Report of the Magistrate Judge and need not be restated here. *See* Report and Recommendation, at pgs. 5-7 [Docket Entry #27].

In recommending that summary judgment be granted in favor of the Respondents, the Magistrate Judge recommended that grounds one, three, four, five, eight and nine should be dismissed because they are barred procedurally and by the statute of limitations. With regard to ground two, the Magistrate Judge recommended that it be dismissed for failure to exhaust state court remedies. Petitioner filed objections to the Report in which he argued that the state had waived the statute of limitations defense by failing to raise it in its answer and also that pursuant to the Supreme Court's holding in *Lindh v. Murphy*, 521 U.S. 320 (1997), the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA") did not bar his claims because AEDPA did not apply to an inmate's pending noncapital case. Petitioner did not appear to specifically object to the Magistrate's recommendation that grounds one, three, four, five, eight and nine were procedurally barred. Nor did Petitioner specifically address whether he had properly exhausted his state court remedies with regard to ground two of his petition. Instead, Petitioner presents the general arguments that he should be entitled to proceed because he was either: 1) incompetent because he could not read or write; 2) unaware of his right to appeal; or 3) his PCR attorney ignored or refused his request to appeal or raise a certain issue on appeal.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Procedural Bar and Statute of Limitations

The Report recommended that grounds one, three, four, five, eight and nine of Petitioner's petition should be dismissed as the Petitioner was procedurally barred from raising them in his current petition because those claims were not raised to the state supreme court and any future PCR application would be barred as successive and untimely.[1] Petitioner does not specifically address the procedural bar issue, but instead makes the general argument that he should be allowed to proceed because he was either: 1) incompetent because he could not read or write; 2) unaware of his right to appeal; or 3) his PCR attorney ignored or refused his request to appeal or failed to raise a certain issue on appeal. The Court construes these vague, non-specific arguments as arguments against procedural bar.

First, with regard to the issue of the Petitioner's literacy, Petitioner was represented by counsel during his direct appeal and his three post conviction relief proceedings. As to the

---

[1] As discussed more fully in the Magistrate Judge's Report, Petitioner has filed three PCR applications. *See* Report and Recommendation, at pgs. 1-5 [Docket Entry #27].

4

Petitioner's claim that he was unaware of his right to appeal, again, he was represented by counsel during all post conviction proceedings. As such, Petitioner's ignorance of the law regarding his right to appeal is insufficient to justify equitable relief from the procedural requirements of 28 U.S.C. § 2254.[2] Finally, concerning Petitioner's claim that his PCR attorney either refused or ignored his request to appeal or failed to raise a certain issue on appeal, Title 28 U.S.C. 2254(I) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Title 28 U.S.C. 2254(I). In conclusion, all of Petitioner's vague, non-specific arguments against procedural bar are without merit.

If a § 2254 petitioner fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, a federal district court is barred from considering his claim unless the petitioner makes a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997). Petitioner, in this case, has failed to make the required showing. As such, this Court agrees with the Report and Recommendation of the Magistrate Judge and finds that grounds one, three, four, five, eight and nine of Petitioner's petition are procedurally barred.

The Magistrate Judge also recommended that grounds one, three, four, five, eight and nine of Petitioner's petition were barred by the statute of limitations. The applicable time

---

[2] Although considered in the context of equitable tolling of the statute of limitations, the Fourth Circuit has held that "[e]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d),[3] which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge correctly concluded that the limitations period for the Petitioner to file an action under § 2254 expired on April 24, 1997. Petitioner objects arguing that the State of South Carolina waived the statute of limitations defense because they failed to raise it in their answer. The Respondents, however, did not waive the statute of limitations defense and properly raised it in their Return and Memorandum. *See* Return and Memorandum, at pg. 10 [Docket Entry #17]. Petitioner also cites *Lindh v. Murphy*, 521 U.S. 320 (1997), as a basis

---

[3] The effective date for AEDPA was April 24, 1996.

for avoiding the statute of limitations contained in AEDPA.  However, Petitioner's reliance upon *Lindh* is misplaced.  *Lindh* dealt with the retroactivity of AEDPA on cases that were pending at the time AEDPA was enacted.  Petitioner's habeas case was not pending at the time AEDPA was enacted; therefore, *Lindh* does not apply to this case.  Accordingly, the one-year statute of limitations contained in AEDPA applies to the Petitioner's case.

Because Petitioner's first PCR application was filed and became final before the effective date of AEDPA, the statute of limitations period for Petitioner to file a § 2254 petition raising claims relating to his direct appeal or ineffective assistance of counsel began on April 24, 1996, which was the date AEDPA went into effect.  Petitioner's second PCR application was not filed until May 31, 2002.  Thus, there were no properly filed PCR applications to toll the statute of limitations between April 24, 1996 and April 24, 1997.  Grounds one, three, four, five, eight and nine of Petitioner's petition are therefore barred by the statute of limitations to the extent that they raise challenges to his direct appeal or the effectiveness of trial counsel.

In conclusion, this Court agrees with the Report of the Magistrate Judge that grounds one, three, four, five, eight and nine of Petitioner's petition are barred procedurally and by the statute of limitations.  Accordingly, grounds one, three, four, five, eight and nine are dismissed and Respondents' Motion for Summary Judgment is granted as to those claims.

<u>Failure to Exhaust State Court Remedies</u>

Petitioner's only remaining claim is ground two of his petition, which appears to allege an illegal sentence or miscalculation of sentence or failure to have his time served properly credited.  The Magistrate Judge recommended that this claim be dismissed for failure to

exhaust available state court remedies.  This Court agrees and adopts the portion of the Report which states that ground two of Petitioner's petition should be dismissed for failure to exhaust state court remedies.

Petitioner did not specifically object to this portion of the Report regarding exhaustion of state court remedies.  The Petitioner did, however, appear to request instructions as to the following: 1) "all I am asking that the classification in my sentence be corrected;" 2) "I did go up on parole (3) tim [sic] on the life sentence and was denied parole because of the life sentence.  Now I have to do 10 more years before I go up for parole again;" 3) "the 30 years is in the place of the life sentence but it was not back-dated to 1991 when I did received [sic] the life sentence and this what maks [sic] the classification in my prison time rong [sic] and this need [sic] to be corrected;" 4) "I did not received [sic] none of my county jail time I stead [sic] in the Horry County Jail;" and 5) "[a]s of now the classification in my institution prison time is not wright [sic]." Objections to Report and Recommendation, at pg. 8 [Docket Entry #28].  It appears that the Petitioner is asking for instructions as to his state court remedies concerning a classification change and parole eligibility due to his being resentenced from life to thirty (30) years and for credit for the time he served in the county jail.

The petitioner's allegations of a miscalculation of sentence, incorrect classification, and failure to have the time he served properly credited should first be addressed through the South Carolina Department of Corrections ("SCDC") grievance system.  A review of the SCDC Policy/Procedure with regard to the Inmate Grievance System reveals the requirements of the Step 1 and Step 2 Grievance forms.  These Grievance forms are available within the prison and the prisoner should submit the completed Grievance form to the Grievance Coordinator.  If

the grievance is denied at Step 1, the policy/procedure states that "if the grievant is not satisfied with the decision of the Warden, the grievant **may** (emphasis added) next appeal to the Division Director of Operations for final resolution of the grievance." SCDC Policy/Procedure GA-.01.12, Inmate Grievance System. If the Step 2 grievance is denied, then the Policy/Procedure states the following with regard to the Administrative Law Judge Division:

> 13.7 There are five (5) grievance issues that an inmate may appeal to the South Carolina Administrative Law Judge Division. If an inmate wishes to appeal to the South Carolina Administrative Law Judge Division, s/he **may** only appeal final Department Decisions on the following five (5) issues:
>
> 13.7.1 if the inmate's accrued good time has been taken as a result of a disciplinary hearing;
>
> 13.7.2 the calculation of a sentence;
>
> 13.7.3 the calculation of sentence related credits;
>
> 13.7.4 custody determinations that may be grieved under this policy/procedure; or
>
> 13.7.5 Allegations of deprivations that would rise to the level of constitutional violations, and where harm or injury is alleged, it must be more than a minor harm or minor injury.
>
> 13.8 If the grievance is not about one of these five (5) issues, the Department's final response will end the grievance process.

SCDC Policy/Procedure; Inmate Grievance System 2002, 2004, and 2006. (The 2002 policy has the above listed under Section 14). (Emphasis added).

Thus, after the prisoner files a Step 1 Grievance, the prisoner *may* appeal by filing a Step 2 Grievance. If the Step 2 Grievance is denied and is one of the five issues listed above, the prisoner *may* appeal to the South Carolina Administrative Law Judge Division to continue

the grievance process. If the grievance is not one of the five issues listed above, the Department's final response will end the grievance process. If the grievance is one of the five issues listed above, the decision of the Administrative Law Judge will end the grievance process.

## Conclusion

For the reasons stated above, the Petitioner's [Docket Entry #16] Motion for Default Judgment is **DENIED**. Also, having reviewed the Report, objections, pleadings, memoranda, and applicable law, the Court: 1) finds no genuine issue of material fact; 2) overrules all objections; and 3) adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Respondents' [Docket Entry #18] Motion for Summary Judgment is **GRANTED** and the Petition for a Writ of Habeas Corpus is **DISMISSED**.

**IT IS SO ORDERED.**

Florence, South Carolina                              s/ R. Bryan Harwell
March 26, 2007                                        R. Bryan Harwell
                                                      United States District Judge